IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN SUE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-4415-P-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Carolyn Sue Thomas, appearing *pro se*, seeks judicial review of a final

adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

For the reasons stated herein, the hearing decision should be affirmed.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including hip,

neck, and back pain, carpal tunnel syndrome and/or arthritis in her wrists, chest pain,

and high blood pressure. After her applications for disability and supplemental

security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff

requested a hearing before an administrative law judge ("ALJ"). That hearing was held

on June 9, 2011. *See* Administrative Record [Dkt. Nos. 16 &17] ("Tr.") at 22. At the

time of the hearing, Plaintiff was 60 years old. *Id.* at 34. She is a college graduate, *see*

*id.* at 63, and has past work experience as a home health attendant, security guard,

and phone assembler, *see id.* at 57. Plaintiff has not engaged in substantial gainful activity since March 1, 2005. *See id.* at 24.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Tr. at 26. Although Plaintiff has a medical history of chest pain, carpal tunnel syndrome, and back, hip, and neck pain, the ALJ concluded that none of the impairments qualified as severe under the Social Security Act. *See id.* at 24. The ALJ concluded that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. *See id.* at 26. Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff appears to challenge the hearing decision on two general grounds: (1) the ALJ erred in finding that her impairments were no severe and (2) the Appeals Council failed to consider new and material evidence of her disability.[1] Dkt. No. 29 at 3. The undersigned concludes that the hearing decision should be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v.*

---

[1] Plaintiff also argues that the ALJ erred in failing to consider that no one will hire her because she has "aged out" of the conventional workforce. Dkt. No. 29 at 3. This argument is not a proper argument because, when considering whether Plaintiff is disabled, an ALJ determines whether an impairment is severe, "irrespective of <u>age</u>, education, or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1100 (5th Cir. 1985) (emphasis added).

*Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1.   The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.   The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.    The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4.    If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.    If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

**Judicial Review of Section 405(g) Appeals Brought by *Pro Se* Plaintiffs**

That Plaintiff is *pro se* in her appeal of the ALJ's decision imposes an additional layer of consideration for the Court. As other courts have recognized, a lay plaintiff is unfamiliar with legal terms of art such as "substantial evidence" and lacks expertise in the rules governing Social Security regulations. *See Washington v. Barnhart*, 413 F. Supp. 2d 784, 791 (E.D. Tex. 2006). Moreover, no statute, regulation, or court decision prescribes a precise analytical model for *pro se* actions seeking judicial review of adverse administrative decisions by the Commissioner. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 752 (E.D. Tex. 2005). More often than not, *pro se* litigants in Section 405(g) appeals invite the Court to re-weigh the evidence and come to a different conclusion than did the Commissioner, which the Court may not do. *See Washington*, 413 F. Supp. 2d at 791. "Necessarily, the level of scrutiny rests in each reviewing court's sound discretion." *See Elam*, 386 F. Supp. 2d at 753. But several universal principles factor logically into that equation. Courts must construe *pro se* pleadings and arguments liberally in light of a party's lay status but must maintain their role as neutral and unbiased arbiters. "That is, courts are not bound to 'scour the record for every conceivable error,' but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized." *See id.* (citations omitted).

To strike a fair balance, the undersigned follows courts before it in deciding to engage in more than a superficial review of the Commissioner's decision. *See id.* However, since the Court is not an advocate, it has no duty to plumb the depths of

every facet of the administrative process. *See id.* In the instant case, the undersigned elects to examine the decision to the same extent as the undersigned believes an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. "This approach assumes that the practitioner is experienced in the subject matter, and willing, but not compelled, to represent the plaintiff. It further assumes that the practitioner's first exposure to the case is after the Commissioner's decision has become final." *Id.* In following this approach, the undersigned will engage in three critical inquiries:

> 1. Does the Commissioner's decision generally reflect the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings?
>
> 2. Were the Commissioner's critical fact findings made in compliance with applicable law?
>
> 3. Does substantial evidence support those critical findings?

*Washington*, 413 F. Supp. 2d at 792.

## Analysis

In his decision, the ALJ found that Plaintiff's impairments were not severe and that, as such, she was not disabled. Plaintiff appears to assert two arguments. First, Plaintiff argues that the ALJ's findings that her impairments were not severe was incorrect and legal error. Experienced counsel would examine that predicate finding and determine if the correct legal standard was used and if so, whether substantial evidence supports the ALJ's findings. Second, Plaintiff filed additional evidence with the Court. *See* Dkt. No. 23. While she provided no legal argument, she entitled her

filing "Plaintiff Seeks Remand for Additional Evidence," so, as experienced counsel would do, the undersigned will examine and determine whether she has put forth an argument to remand for consideration of additional evidence.

A.    Error under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).

In his analysis, the ALJ made it only to Step 2 of the five-step sequential evaluation process. He found that Plaintiff's combination of impairments was not severe and, as such, entered a finding of non-disability. *See* Tr. at 26; *see also Stone v. Heckler*, 752 F.2d 1099, 1100 (5th Cir. 1985) ("If a claimant is found not to be disabled at any step ..., the remaining steps are not considered."). At Step 2, the primary analysis is whether a claimant's impairment, or combination of impairments, is severe, irrespective of age, education, or work experience. *See Stone*, 752 F.2d at 1100. In *Stone*, the United States Court of Appeals for the Fifth Circuit "construed the current regulation as setting the following standard in determining whether a claimant's impairment is severe: '[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" *Id.* at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)). In making a severity determination, the ALJ must set forth the correct standard by reference to Fifth Circuit opinions or by an express statement that the Fifth Circuit's construction of the regulation has been applied. *See Hampton v. Bowen*, 785 F.2d at 1308, 1311 (5th Cir. 1986). A court must assume that the "ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless

the correct standard is set forth by reference to [*Stone*] or another [opinion] of the same effect, or by an express statement that the construction [the Fifth Circuit gave] to 20 C.F.R. § 404.1520(c) (1984) is used." *Stone*, 752 F.2d at 1106. Notwithstanding this presumption, the Court must look beyond the use of "magic words" and determine whether the ALJ applied the correct severity standard. *See Hampton*, 785 F.2d at 1311. That is, the presumption may be rebutted by a showing that the ALJ applied the correct legal standard, regardless of the ALJ's recitation of the severity standard. *See Morris v. Astrue*, No. 4:11-cv-631-Y, 2012 WL 4468185, at *9 (N.D. Tex. Sept. 4, 2012); *see also Taylor v. Astrue*, No. 3:10-cv-1158-O-BD, 2011 WL 4091506, at *6 (N.D. Tex. June 27, 2011), *adopted by* 2011 WL 4091503 (N.D. Tex. Sept. 14, 2011), *aff'd* 706 F.3d 600 (5th Cir. 2012) (applying harmless error analysis in *Stone* error cases).

In his decision, the ALJ stated the following severity standard: a "severe impairment is one which is more than a slight abnormality, and which has more than a minimal effect upon a claimant's ability to perform work-related activities." Tr. at 24. This language is extremely similar to that in *Sanders v. Astrue*, No. 3:07-cv-1827-G-BH, 2008 WL 4211146, at *7 (N.D. Tex. Sept. 12, 2008). In *Sanders*, the ALJ made no reference to *Stone* but stated that an "impairment or combination of impairments is 'not severe' when medical or other evidence establish only a slight abnormality or combination of slight abnormalities *that would have no more than a minimal effect on an individual's ability to work*." *Id.* (emphasis in original). The court in *Sanders* reasoned that this language indicated that the impairment could have, "at most, a minimal effect on a claimant's ability to work. *Id.* Because the standard set forth in

-9-

*Stone* "provides no allowance for minimal interference on a claimant's ability to work," the language in *Sanders* was not a proper recitation of the severity standard. *Id.*

As in *Sanders*, the standard recited by the ALJ here – a "severe impairment is one which is more than a slight abnormality, and which has more than a minimal effect upon a claimant's ability to perform work-related activities," *see* Tr. at 24 – allows for a minimal effect on the claimant's ability to work. The *Stone* severity standard does not allow for <u>any</u> interference with work ability – even minimal interference. *See Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805-06 (N.D. Tex. 2009); *Morris v. Astrue*, No. 4:11-cv-631-Y, 2012 WL 4468185, at *5 (N.D. Tex. Sept. 4, 2012). Thus, despite having referenced *Stone* in his decision, the ALJ did not actually state the same standard.

In the past, this would be grounds for automatic remand because it constituted a legal error. *See, e.g., Scroggins*, 598 F. Supp. 2d at 806-07; *Sanders*, 2008 WL 4211146, at *8. More recently, however, courts have not automatically remanded such cases. *See, e.g.*, *Rivera v. Colvin*, No. 3:12-cv-1748-G-BN, 2013 WL 4623514, at *6 (N.D. Tex. Aug. 28, 2013); *Easom v. Colvin*, No. 3:12-cv-1289-N-BN, 2013 WL 2458540, at *4-6 (N.D. Tex. June 7, 2013). Rather, the presumption that legal error occurred based on the incorrect wording of the standard may be rebutted by a showing that the correct legal standard was actually applied by the ALJ, *see Morris*, 2012 WL 4468185, at *9, or that the error was harmless, *see Taylor*, 706 F.3d at 603; *Yanez v. Colvin*, No. 3:12-cv-1796-K-BG, 2013 WL 4766836, at *3 (N.D. Tex. Sept. 5, 2013).

-10-

Under either analysis – rebutting the presumption or reviewing for harmless error – substantial evidence supports the ALJ's finding that Plaintiff's impairments were not severe impairments. Even though the ALJ misstated the *Stone* severity standard, a review of his decision and the medical records indicates that the ALJ properly analyzed the claimant's impairments. The records are entirely consistent with a *Stone* finding of nonseverity.

Simply put, there is no evidence that Plaintiff's impairments rendered Plaintiff unable to work. Indeed, Plaintiff's records, many of which are from the time frame of 2001 to 2003, indicate a return to maximum medical improvement. *See, e.g.,* Tr. at 363. The record also contains many references to "normal" or "negative" x-ray and test results. *See id.* at 323-24, 357, 385. There is very little in the way of treatment notes, and, in many instances, the records indicate that Plaintiff had no complaints and no side effects with any medication that she did take. *See, e.g.*, *id.* at 578. There is only one note of pain precluding Plaintiff from working – a Texas Workers' Compensation record – and it is from November 2001. *See id.* at 384. No other records support that finding, and, in fact, one doctor stated that, despite Plaintiff's complaints of pain, there was "no specific evidence of muscular inflammation or discogenic process ... [and] ... no pathophysiologic explanation for her simultaneous cervical thoracic lumbar pain with bilateral upper extremity pain. No additional chiropractic, osteopathic, organized physical therapy or pharmacy therapy should be considered reasonable and necessary." *Id.* at 364. The same doctor concluded that Plaintiff was capable of returning to work as a security guard, without restrictions. *See id.*

This is not a situation in which the ALJ cited the incorrect severity standard and then ignored medical records that would support a finding of severity. *See, e.g.*, *Scott v. Comm'r*, No. 3:11-cv-152-BF, 2012 WL 1058120, at *7-8 (N.D. Tex. Mar. 29, 2012); *Scroggins*, 598 F. Supp. 2d at 805-06; *Sanders*, 2008 WL 4211146, at *7. Rather, the ALJ cited *Stone*, then stated a severity standard that has been held by many courts to be incorrect, but nonetheless examined the medical records and demonstrated that there was no evidence dictating an impairment that would prevent Plaintiff from engaging in substantial gainful activity. *See* Tr. at 24-26. The ALJ reviewed and considered Plaintiff's testimony and discussed many of her medical records, detailing her hospital and doctor visits related to her chest pains, hypertension, joint pain, carpal tunnel syndrome, and neck, hip and back pain. *See id.* at 25. He then noted that Plaintiff had full range of motion, evidence of little treatment, normal x-rays, and no complaints at her more recent hospital visits. *See id.* at 25-26.

Thus, substantial evidence supports the ALJ's finding that the impairments were not severe. As such, even though the ALJ invoked varying severity standards initially – a citation to *Stone* followed by an incorrect recitation of the *Stone* severity standard – which created ambiguity as to whether the proper severity standard was used, a review of the record as a whole reveals that the ALJ applied the proper standard in evaluating Plaintiff's impairments. *See Morris*, 2012 WL 4468185, at *9. The undersigned would not recommend remand simply because the ALJ did not use the "magic words" in his analysis. Indeed, remand is not required when it is clear, as

-12-

in this case, that the ALJ applied the correct legal standard throughout, even though the ALJ's reference to the *Stone* standard was ambiguous.

Moreover, even assuming *arguendo*, the ALJ did commit a *Stone* error, the undersigned finds such error to be harmless. As evidenced by the medical records detailed above, Plaintiff did not, and cannot, demonstrate that, had the ALJ found her impairments to be severe, it might have led to a different outcome and therefore, she was prejudiced by this error. As such, had the ALJ expressly found that Plaintiff's condition are not severe based on a standard at odds with *Stone*, on the record in this case, substantial evidence would support that finding of non-severity even under the *Stone* standard. *See Taylor*, 706 F.3d at 603.

Accordingly, remand is not required on this ground.

B.    New Evidence Arguments

On July 1, 2013, Plaintiff filed a document with the Court entitled "Plaintiff Seeks Remand for Additional Evidence." *See* Dkt. No. 23. It contained no briefing or explanation but rather is fourteen pages of Social Security and medical records, some of which are in the Administrate Record and some of which are not. Many of the documents that Plaintiff presents as new records were from March 2013, April 2012, May 2012, and September 2012. *See id.* at 7-14. Some of these documents appear to have been submitted to the Appeals Council, as to which the Appeals Council determined that those from May 15, 2012 were not relevant because the ALJ decided the case through July 29, 2011. *See* Tr. at 2.

-13-

It is not clear from Plaintiff's submission whether she is arguing that the Appeals Council failed to consider new and material evidence of her disability or that her case should be remanded for consideration of new evidence. As experienced counsel would do, the undersigned will examine both arguments.

Under Fifth Circuit precedent, "evidence submitted for the first time to the Appeals Council is part of the record on appeal." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir.2005). Therefore, when a claimant such as Plaintiff submits new evidence and the Appeals Council denies review after considering the evidence, "the Commissioner's final decision necessarily includes the Appeal Council's conclusion that the ALJ's findings remained correct despite the new evidence." *Id.* at 336 (internal quotation marks and citations omitted). The Appeals Council is not, however, required to provide a detailed analysis of, or otherwise explain the weight to be given to, new evidence. *See id.* at 335 n. 1. Remand is warranted only if the new evidence dilutes the record to such an extent that the ALJ's decision become insufficiently supported. *See Higginbotham v. Barnhart*, 163 F. App'x 279, 281–82 (5th Cir. 2006).

Even though the Appeals Council was not required to do so, in this case the Council stated that the evidence did not affect the ALJ's decision because it was outside the relevant time frame. *See* Tr. at 2. The undersigned agrees.

To the extent that Plaintiff contends that the case should be remanded due to the discovery of new evidence, the undersigned is also not persuaded. The undersigned's review of social security appeals is "wholly appellate," and the consideration of new evidence in the first instance is prohibited. *Ellis v. Bowen*, 820

F.2d 682, 684 (5th Cir. 1987) (citing *Bradley v. Bowen*, 809 F.2d 1054 (5th Cir. 1987)).

Upon the discovery of new evidence, sentence six of 42 U.S.C. § 405(g) authorizes

district courts to remand a case back to the Commissioner for further proceedings, if

plaintiff makes an appropriate showing that such a measure is warranted:

> The court may ... at any time order additional evidence to be
> taken before the Commissioner of Social Security, but only
> upon a showing that there is new evidence which is material
> and that there is good cause for the failure to incorporate
> such evidence into the record in a prior proceeding....

42 U.S.C. § 405(g). The Fifth Circuit has explained that "evidence, not in existence at

the time of the administrative ... proceedings, meets the 'new' requirement for remand"

pursuant to sentence six of § 405(g). *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th

Cir. 1989). The statutory materiality requirement is met where there is a "'reasonable

possibility that it would have changed the outcome of the [Commissioner's]

determination.'" *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Chaney*

*v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)). Finally, a claimant must provide a

proper explanation concerning why the new evidence was not submitted earlier in

order to demonstrate good cause. *See Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir.

1989) (citation omitted).

Here, there is neither an explanation as to why this new evidence is material nor

as to why the evidence was not submitted earlier to demonstrate a showing of good

cause. Moreover, a review of the new evidence reveals that it primarily contains

problem lists, current medications, discontinued medications, and allergies and is from

a non-relevant time frame. *See* Dkt. No. 23 at 7-14. And, even if the time frame were

relevant, the only new impairments on the problem lists are "mental health problem" and "anemia," and neither impairment is something that Plaintiff alleged caused her disability. The new evidence also gives no explanation or indication as to how or if the impairments would affect Plaintiff's ability to work.

Thus, the undersigned concludes that the new evidence is simply not so inconsistent with the ALJ's findings that it undermines or leads the undersigned to believe that there is a reasonable possibility that it would have changed the outcome of the disability determination, and the ALJ's decision remains supported by substantial evidence. Remand is not proper on this ground.

## Recommendation

The hearing decision should be affirmed in all respects, and Plaintiff's motion to remand [Dkt. No. 26] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 20, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE